## ASHTON v. SKEEN et al.

No. 5088.   Decided May 9, 1935.   (44 P. [2d] 688.)

For former opinion, see 85 U. 489, 39 P. (2d) 1073.

*Budge & Parker* and *W. R. Hutchinson,* all of Salt Lake City, for appellant.

*Ashby D. Boyle* and *Bagley, Judd & Ray,* all of Salt Lake City, and *R. W. Young,* of Oakland, Cal., for respondents.

WADE, District Judge.

By an opinion of this court rendered and entered January 5, 1935, the judgment of the lower court in this cause was reversed and modified. *Ashton, Adm'r,* v. *Skeen et al.,* 39 P. (2d) 1073. Subsequently the appellant filed herein a petition for a rehearing. The case has been given further consideration, and it is the opinion of the majority of the court that the former decision should be and it is hereby reaffirmed.

Appellant's petition for a rehearing is therefore denied.

ELIAS HANSEN, C. J., and EPHRAIM HANSON, J., concur.

WOLFE, Justice (concurring in part).

I agree that the petition for rehearing should be denied, but think that the opinion should be modified so as to give the defendant J. D. Skeen 30 per cent. of the recovery instead of 20 per cent thereof. The first contract for services between Skeen and Ford Bros. was to employ Skeen & Skeen to institute proceedings against Ashton and Foss to recover "upon contracts between Ford Bros. and the Federal Land & Mortgage." For such services Skeen was to obtain, in addition to $160, 20 per cent of any sum recovered without litigation and 30 per cent of any sum recovered through litigation. By litigation was meant any appearance in court other than filing a complaint. The contract between Ashton and Ford Bros., settling their differences and providing that Ashton should be subrogated to the cause of action against Foss for one-third of what should be recovered against the latter, required that such subrogation should be subject to all of the rights of Skeen in such recovery. Skeen was not a party to the contract between Ashton and Ford Bros. Consequently his rights under the contract between himself and Ford Bros. could not be changed by a contract between Ashton and Ford Bros. When a note was taken from Foss in settlement of the suit instituted in the federal court in Los Angeles against Foss, it was treated by all parties as being subject, in its collection, to the contract made between Skeen and Ford Bros. for the above-mentioned percentages of any recovery on the contract between Ford Bros. and the Federal Land & Mortgage Company. Therefore, when the principal note was finally recovered, Skeen was entitled to the proper percentage. Since the note stood in the place of the suit against Foss as far as the contract of service was concerned, having been so treated by the parties, and Skeen having made at least one appearance in court in that action as defined by the contract between Skeen and Ford Bros., he should be entitled to 30 per cent instead of 20 percent of the $5,000 recovered on the note. In all other respects, I concur in the original opinion.

FOLLAND, Justice.
I concur in the views expressed by Mr. Justice WOLFE.

MOFFAT, J., being disqualified, did not participate herein.